UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN FRANK, JR., | No. 2:15-cv-2133 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| JEFF MACOMBER, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

    Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. The claims which remain are for excessive force in violation of the Eighth Amendment against defendants Shinnette and Mohr (defendants). The claims arise out of events occurring March 17, 2015 at California State Prison, Sacramento. Defendants have filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing plaintiff failed to exhaust administrative remedies with respect to his remaining claims prior to filing suit.

    Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). Administrative procedures generally are exhausted with respect to the California prisoner grievance process once the third level of review is complete. The third level of review constitutes the decision of the

1  Secretary of the California Department of Corrections and Rehabilitation (CDCR).  Cal. Code
2  Regs. tit. 15, § 3084.7.

3  The exhaustion requirement demands "proper" exhaustion.  Woodford v. Ngo, 548 U.S.
4  81, 90-91 (20016).  In order to "properly exhaust" administrative remedies the prisoner must
5  generally comply with the prison's procedural rules throughout the administrative process.  Jones
6  v. Bock, 218 U.S. 199, 218 (2006).

7  Dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to
8  exhaust administrative remedies is appropriate only if it is clear on the face of a complaint that
9  administrative remedies have not been exhausted.  Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir.
10  2014).  Material properly attached to a complaint is generally considered part of the complaint
11  when considering whether the court should dismiss a complaint under Rule 12(b)(6).  See Hal
12  Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989).[1]

13  Attached to his complaint is a copy of the grievance plaintiff submitted concerning the
14  alleged use of excessive force by defendants at issue in this case.  ECF No. 1 at 33-36.  Plaintiff
15  ultimately submitted his grievance to the third level of review, but the grievance was rejected on
16  August 26, 2015 because plaintiff failed to submit a medical report he references in his grievance
17  as required by CDCR regulations.  Id. at 8, 34.  Plaintiff was given instructions as to how he
18  could obtain the required document if he did not possess it and told he could resubmit his
19  grievance once he did so.  Id. at 8.  There is nothing in plaintiff's pleadings indicating he ever
20  resubmitted his grievance to the third level and therefore he never "properly" exhausted
21  administrative remedies.

---

[1] Exhibits attached to defendants' motion to dismiss and plaintiff's opposition are not proper for consideration, except to the extent the exhibits are also attached to plaintiff's complaint.  Also, defendants ask that the court take judicial notice "of the fact that Plaintiff failed to exhaust administrative remedies before filing suit relative to Appeal Log No. SAC-15-1546."  ECF No. 16.  This is the ultimate issue to be decided with respect to defendants' motion to dismiss and the court will rule on that issue within the confines of the motion to dismiss.  Defendants' request for judicial notice is denied as the fact that they request be noticed is not "generally" known within the jurisdiction of this court (e.g. the Sacramento River separates Sacramento from West Sacramento), nor can it be readily be determined from sources whose accuracy cannot reasonably be questioned (e.g. the court's docket).  See Fed. R. Evid. 201(b).

In his opposition, plaintiff argues he was not required to proceed to the third level because his grievance was "partially granted" at the second level. However, the appeal was granted only to the extent plaintiff requested an inquiry into the actions of defendants. The appeal was denied with respect to plaintiff's request that "they be held accountable for their actions." Id. at 9. Plaintiff was specifically informed at the second level that it was the decision of the reviewer that defendants did not violate CDCR policy, and that plaintiff could appeal that decision to the third level. Id. at 9-10.   Plaintiff was also specifically informed that administrative remedies would not be deemed "exhausted" until a decision had been rendered at the third level. Id.

For all of the foregoing reasons, it is clear from plaintiff's complaint, and documents attached thereto, that plaintiff failed to exhaust administrative remedies with respect to his remaining claims prior to filing suit.   Accordingly, defendants' motion to dismiss should be granted, and this case should be closed.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that

1. Defendants' motion to dismiss (ECF No. 15) be granted;

2. Plaintiff's complaint be dismissed for failure to exhaust available administrative remedies; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

/////

/////

/////

/////

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 15, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
warr2133.exh

4