# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN FRANK, JR., <br><br> Plaintiff, <br><br> v. <br><br> JEFF MACOMBER, et al., <br><br> Defendants. | No. 2:15-cv-2133 KJM CKD P <br><br><br> ORDER SETTING SETTLEMENT CONFERENCE |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. On May 11, 2018, plaintiff filed a motion requesting a telephonic settlement conference. (ECF No. 72.) The court has determined that this case will benefit from a settlement conference. Therefore, plaintiff's motion will be partially granted and a settlement conference will be set before the undersigned to occur at the U.S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #24 on August 29, 2018 at 9:30 a.m.

Parties will be required to file a signed "Waiver of Disqualification" included below, or notice of non-waiver of disqualification, no later than July 1, 2018.

Plaintiff shall have the option to appear at the settlement conference in person or by video conference. In the event video conferencing capabilities are unavailable, plaintiff may appear by telephone. Plaintiff will be required to return the attached form advising the court how he would like to appear at the settlement conference so the court may issue the appropriate orders. A

1

separate order and writ of habeas corpus ad testificandum will issue once it has been determined how plaintiff will appear.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a telephonic settlement conference is partially granted and this case is set for a settlement conference before the undersigned to occur on August 29, 2018, at 9:30 a.m. at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #24.

2. The parties are required to file a signed "Waiver of Disqualification," or notice of non-waiver of disqualification, no later than July 1, 2018.

3. Plaintiff shall have the choice to attend the settlement conference in person or by video. Within ten days after the filing date of this order, plaintiff shall return the attached form notifying the court whether he would like to attend the settlement conference in person or by video. If plaintiff chooses to appear by video and video conferencing is not available, he may appear by telephone. If plaintiff does not return the form telling the court how he would like to attend the settlement conference, the court will issue orders for plaintiff to appear by video.

4. Parties are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle[1].

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the

2

5. Parties are directed to submit confidential settlement statements no later than August 22, 2018 to ckdorders@caed.uscourts.gov. Plaintiff shall mail his confidential settlement statement Attn: Magistrate Judge Carolyn K. Delaney, USDC CAED, 501 I Street, Suite 4-200, Sacramento, California 95814 so it arrives no later than August 22, 2018. The envelope shall be marked "CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT." Parties are also directed to file a "Notice of Submission of Confidential Settlement Statement" (See L.R. 270(d)).

Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

a. A brief statement of the facts of the case.
b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.
c. A summary of the proceedings to date.
d. An estimate of the cost and time to be expended for further discovery, pretrial, and

---

mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

trial.

  e. The relief sought.

  f. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

  g. A brief statement of each party's expectations and goals for the settlement conference, including how much a party is willing to accept and/or willing to pay.

6. The deadline for filing dispositive motions is vacated. That deadline will be re-established, if necessary, after the settlement conference.

Dated: June 8, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/sp
fran2133.med

4

UNITED STATES DISTRICT COURT

FOR EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN FRANK, JR., | No. 2:15-cv-2133 KJM CKD P |
| Plaintiff, | |
| v. | WAIVER OF DISQUALIFICATION |
| JEFF MACOMBER, et al., | |
| Defendants. | |

Under Local Rule 270(b) of the Eastern District of California, the parties to the herein action affirmatively request that Magistrate Judge Carolyn K. Delaney participate in the settlement conference scheduled for August 29, 2018. To the extent the parties consent to trial of the case before the assigned Magistrate Judge, they waive any claim of disqualification to the assigned Magistrate Judge trying the case thereafter.

By: _____
    Plaintiff

Dated:_____

By: _____
    Attorney for Defendant

Dated:_____

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN FRANK, JR.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JEFF MACOMBER, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-2133 KJM CKD P<br><br>PLAINTIFF'S NOTICE ON TYPE OF APPEARANCE AT SETTLEMENT CONFERENCE |

Check one:

_____ Plaintiff would like to participate in the settlement conference in person.

_____ Plaintiff would like to participate in the settlement conference by video/telephone.

_____　　　　　_____
Date　　　　　　　　　　　　　　　　　　　　　Warren Frank, Jr.
　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

6